Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARIA CONCEICAO SILVA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| MARIA CONCEICAO SILVA,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation,<br><br>Defendants. | Case No.: CV10-01045 JW PVT<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |
|---|---|

Plaintiff, MARIA CONCEICAO SILVA (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6. Plaintiff, MARIA CONCEICAO SILVA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego,

California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. The principal business of P&F is the collection of debts using the mails and telephone, and P&F regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Capital One Bank and bearing the account number XXXX-XXXX-XXXX-4079 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. The collection letter (Exhibit "1") is dated May 11, 2009.

12. The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

13. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

14. The collection letter (Exhibit "1") was sent in an envelope on which a postage

- 3 -
COMPLAINT

meter stamp dated May 13, 2009, was imprinted.

15. Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about May 13, 2009.

16. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

17. Plaintiff is informed and believes, and thereon alleges that Defendant has sent standard form collection letters in envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

19. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

20. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

21. Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendant communicated with third parties, in violation of 15 U.S.C. § 1692b;

   b. Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

   c. Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

   d. Defendant published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

   e. Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff brings the second claim for relief against Defendant under the Rosenthal

Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

27. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

28. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

29. Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

30. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

31. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[1]

    b. Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[2]

    c. Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[3]

    d. Defendant published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4] and

---

[1] 15 U.S.C. § 1692b.
[2] 15 U.S.C. § 1692c(b).
[3] 15 U.S.C. § 1692d.
[4] 15 U.S.C. § 1692d(3).

      e.    Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17.[5]

32.    Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

33.    As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

34.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[6]

35.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

36.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)    Assume jurisdiction in this proceeding;

---

[5] 15 U.S.C. § 1692f.
[6] 15 U.S.C.§ 1692k(a)(2)(A).
[7] 15 U.S.C.§ 1692k(a)(3).

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3) and 1692f;

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[8]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[9] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

```
                                        CONSUMER LAW CENTER, INC.


                                        By: /s/ Fred W. Schwinn
                                        Fred W. Schwinn (SBN 225575)
                                        CONSUMER LAW CENTER, INC.
                                        12 South First Street, Suite 1014
                                        San Jose, California  95113-2418
                                        Telephone Number: (408) 294-6100
                                        Facsimile Number: (408) 294-6190
                                        Email Address: fred.schwinn@sjconsumerlaw.com

                                        Attorney for Plaintiff
                                        MARIA CONCEICAO SILVA
```

---

[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

# LAW OFFICES OF
# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| [X] 4545 MURPHY CANYON RD., 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600 (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675 (800) 832-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD., STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

May 11, 2009

308987/339909

MARIA C SILVA
1419 WHITTON AVE
SAN JOSE CA 95116-2358

RE:   Our Client:          CAPITAL ONE BANK (759)
      Account Number:      5178052299794079
      Our File Number:     09-29617
      Balance Due:         $5,948.10

Dear MARIA C SILVA:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further collection action, please contact us at (858)-244-7600 or out of the (858) area code (800) 832-7675.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Futher, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,


**LAW OFFICE OF PATENAUDE & FELIX**


### THIS COMMUNICATION IS FROM A DEBT COLLECTOR

PF_03 Ltr Initial Demand                    P&F File No. 09-29617



EXHIBIT 1

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP o www.ftc.gov.

## PATENAUDE & FELIX, A.P.C.
A PROFESSIONAL LAW CORPORATION

4545 MURPHY CANYON ROAD, THIRD FLOOR
SAN DIEGO, CA 92123

RETURN SERVICE REQUESTED

PRESORTED
FIRST
CLASS

Hasler
05/31/2009
US POSTAGE
$00.38
ZIP 92123
011D11607818

MARIA C SILVA
1419 WHITTON AVE
SAN JOSE CA 95116-2358

3089871339909

RE:  Our Client: CAPITAL ONE BANK (759)
     Account Number: 51780522002704070

BCELVM1 95116

PERSONAL AND CONFIDENTIAL